UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

FLORA BARNES,

        Plaintiff,        Civil No. 14-5678 (NLH/KMW)

v.

                            <u>OPINION</u>

VIBRA HEALTHCARE, LLC,

        Defendant.

_____

**APPEARANCES:**

Matthew S. Wolf, Esquire
Melissa A. Schroeder, Esquire
Matthew S. Wolf, Esquire, LLC
2nd Floor, Unit B
1236 Brace Road
Cherry Hill, New Jersey 08034

    *Attorneys for Plaintiff*

Brian D. Pagano, Esquire
Burns White LLC
1800 Chapel Avenue West
Suite 250
Cherry Hill, New Jersey 08002

    *Attorneys for Defendant*

**<u>HILLMAN, District Judge</u>:**

    In this action, Plaintiff, Flora Barnes, alleges that her former employer, Defendant Vibra Healthcare LLC,[1] doing business

---

[1] Defendant notes that its correct name is "92 Brick Road Operating Company, LLC d/b/a Marlton Rehabilitation Hospital," and was improperly named in the complaint as "Vibra Healthcare

1

as Marlton Rehabilitation Hospital, interfered with her rights under the Family and Medical Leave Act (hereafter, "FMLA"), 29 U.S.C. § 2601 et seq., when she took maternity leave.  Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, asserting that Plaintiff fails to state a claim under the FMLA because she is not an "eligible employee" as defined by the FMLA.[2]  Defendant also seeks dismissal of Plaintiff's claim for wrongful termination under New Jersey state law.  Plaintiff opposes the motion with respect to her FMLA claim but does not contest dismissal of her state law claim.

    The Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78.  For the following reasons, Defendant's motion to dismiss will be granted in part and denied in part.

---

LLC d/b/a Marlton Rehabilitation Hospital."  (Certification of Counsel in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. with Prejudice for Failure to State a Claim [Doc. No. 5-1] ¶ 2.)

[2] Defendant filed two motions to dismiss on the same date. Counsel for Defendant subsequently sent the Court a letter withdrawing the first motion [Doc. No. 4] and asking that the Court decide the second motion [Doc. No. 5].  (Letter from Brian D. Pagano, Esq. [Doc. No. 11], Nov. 4, 2014.)  Accordingly, Defendant's first motion will be denied as moot, and this Opinion addresses only the second motion filed by Defendant.

2

I.   **BACKGROUND**

Plaintiff alleges that she was employed by Defendant as a Licensed Practical Nurse at the Marlton Rehabilitation Hospital for four years, working from 7:00 A.M. to 3:00 P.M. every Friday, Saturday and Sunday.  (Compl. ¶ 3.)  Plaintiff became pregnant in 2013 and, on or around June 5, 2013, took a leave of absence due to her pregnancy.  (Id. ¶¶ 4, 5.)  Plaintiff gave birth on October 22, 2013 via caesarian section.  (Id. ¶ 6.)  Plaintiff was then advised by her obstetrician on December 3, 2013 that she would not be able to return to work until December 17, 2013.  (Id. ¶ 7.)

On December 6, 2013, Plaintiff contacted Joanne Cernava, the Director of Human Resources, seeking to extend her disability leave by two weeks because she had delivered via caesarian section.  (Id. ¶ 8.)  Plaintiff left a message for Cernava at that time and eventually spoke with her on December 9, 2013.  (Id. ¶¶ 8-12.)  During the conversation, Cernava purportedly advised Plaintiff that her position had been given to someone else because Plaintiff was only allowed twelve weeks of leave under the FMLA, which time had expired.  (Id. ¶ 18.)  Plaintiff contends that she was unaware that her twelve weeks of FMLA leave had expired or that her job was in jeopardy, as she was allegedly under the impression that her disability benefits

3

and FMLA coverage only started once her child was born.  (Id. ¶¶ 19, 21.)

Although Plaintiff's position was no longer available, she was offered a shift from 3:00 P.M. to 11:00 P.M. or the opportunity to work on a per diem basis, but Plaintiff contends she was unable to accept either position.  (Id. ¶¶ 24, 25.)  Plaintiff subsequently applied for baby bonding leave to continue a source of income, and received a letter of approval on December 21, 2013.  (Id. ¶ 34.)  Plaintiff has not, however, returned to work at Marlton Rehabilitation Hospital.  (Id. ¶ 35.)

Defendant now moves to dismiss this action on the threshold issue of whether Plaintiff was an "eligible employee" under the FMLA, arguing that Plaintiff did not meet the requirement that an employee must work 1,250 hours in the twelve month period preceding medical leave.  (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. with Prejudice for Failure to State a Claim [Doc. No. 5-3], at 10.)  In support, Defendant submits the affidavit of its Human Resources Director, Cernava, which states that Plaintiff worked 1,095.5 hours from May 25, 2012 to May 25, 2013, and 1,075.5 hours between June 5, 2012 and June 4, 2013.  (Aff. of Joanne Cernava [Doc. No. 5-6] ¶¶ 6-7.)  These hours were determined by reference to a report generated by Marlton Rehabilitation Hospital's time clock/payroll system, and the

4

data was derived from Plaintiff's time clock swipes. (Id. ¶ 6.) Defendant has also submitted the report of hours worked from May 25, 2012 to May 25, 2013, which report demonstrates that Plaintiff worked 1,095.5 hours during the designated time period. (Certification of Counsel in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. with Prejudice for Failure to State a Claim [Doc. No. 5-1], Ex. D.)

Plaintiff contests the calculation of her hours and submits her own affidavit to challenge the report submitted by Defendant. (Br. in Opp. to Mot. to Dismiss [Doc. No. 10] (hereafter, "Pl.'s Opp. Br."), at 2.) Plaintiff represents that the time clock did not always work, and managers on occasion had to sign off on the hours worked by employees. (Aff. of Flora Barnes [Doc. No. 10-1] (hereafter, "Barnes Aff.") ¶¶ 2-3.) Plaintiff thus contends that the time clock swipe system may not account for all of the hours that Plaintiff worked. (Id. ¶ 3.) Further, Plaintiff asserts that "[u]pon filing this lawsuit, it was [her] belief that [she] worked in excess of 1,250 hours" because she recalled working on average more than twenty-four hours per week. (Id. ¶ 4.) Plaintiff also represents in her affidavit that she was told by Cernava that she was approved for FMLA leave when she filled out her FMLA paperwork on June 5, 2013. (Id. ¶ 5.)

5

Defendant acknowledges in its reply papers that the initial affidavit submitted by Cernava contained inaccurate information. (See Reply Br. in Response to Pl.'s Br. in Opp. to the Mot. to Dismiss of Def. [Doc. No. 12] (hereafter, "Def.'s Reply Br."), at 2.)  Defendant has provided a second affidavit from Cernava in which she confirms Plaintiff's statement that the time clock system was not always accurate.  (Second Aff. of Joanne Cernava [Doc. No. 12-1] ¶ 5.)  Cernava asserts, however, that she now obtained a different report that includes adjustments for time clock errors.  (Id. ¶ 6.)  According to Cernava, the report demonstrates that Plaintiff worked 1,103 hours for the time period June 2, 2012 to June 2, 2013, and 1,092.5 hours during the calendar year 2012.  (Id.)  The report, therefore, purportedly demonstrates that Plaintiff did not work 1,250 hours during the relevant time period.

## II.  **JURISDICTION**

Plaintiff brings this action against Defendant asserting claims under the FMLA and New Jersey state law.  The Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331.  The Court exercises supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**III. STANDARD OF REVIEW**

Defendant moves for dismissal of the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56.

   **A.   Fed. R. Civ. P. 12(b)(6)**

In considering whether a plaintiff's complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff). In addition to the facts alleged in the pleadings, the Court may also consider on a motion under Rule 12(b)(6) the documents attached to the pleadings as exhibits and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013). The Court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'" Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). If any other

7

matters outside the pleadings are presented to the court, and the Court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(d).

In this case, as noted above, Defendant submitted two affidavits and time records in support of its motion, and Plaintiff submitted her own affidavit in opposition to the motion. These documents are not referred to in the pleadings, attached to the pleadings, or matters of public record. Moreover, while the evidence submitted relates to Plaintiff's FMLA claim, the claim is not based on these documents. Therefore, the Court may not consider the affidavits and time records on a motion to dismiss under Rule 12(b)(6). If the Court utilizes the documents in deciding the motion, the motion must be decided under the standards applicable to Fed. R. Civ. P. 56.

**B.   Fed. R. Civ. P. 56**

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

(citing Fed. R. Civ. P. 56). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(citing Anderson, 477 U.S. at 255, 106 S. Ct. 2505).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S. Ct. 2548 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment

9

movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.")(citing Celotex, 477 U.S. at 325, 106 S. Ct. 2548).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S. Ct. 2548. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322, 106 S. Ct. 2548). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 257, 106 S. Ct. 2505.

**IV. ANALYSIS**

The FMLA was enacted to "balance the demands of the workplace with the needs of families" and to "entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition[.]"  29 U.S.C. § 2601.  The Act requires certain employers to provide "eligible employees" with up to twelve weeks of leave per 12-month period for a number of reasons, including "the birth of a son or daughter of the employee and in order to care for such son or daughter."  29 U.S.C. § 2612(a)(1)(A).  An employee is an "eligible employee" under the FMLA if the employee has been employed for at least twelve months by the employer, and has worked at least 1,250 hours "during the previous 12-month period."  29 U.S.C. § 2611(2)(A).

The question presented on this motion is whether Plaintiff has met the hour requirement to qualify as an "eligible employee" under the FMLA.  The documents submitted by Defendant appear to demonstrate that Plaintiff did not work the requisite number of hours to qualify as an "eligible employee" under the FMLA, but Plaintiff challenges the calculation of hours in the records submitted by Defendant.[3]  (Pl.'s Opp. Br. 4.)  Plaintiff

---

[3] Plaintiff, relying on 29 C.F.R. § 825.200, argues that the twelve-month period can be calculated using various methods, and

11

also argues that regardless of the number of hours worked, the doctrine of equitable estoppel precludes Defendant from relying on eligibility under the FMLA as a defense.  (Id.)

The Court concludes that there is enough of a factual dispute at this time that the Court declines to convert the motion to one for summary judgment.  It is not clear that the payroll records submitted by Defendant include all of the hours that Plaintiff worked.  Defendant acknowledges that Cernava's first affidavit and the payroll records submitted with the original motion did not accurately set forth the number of hours that Plaintiff worked.

Defendant also acknowledges that the time clock -- upon which the number of hours worked is calculated -- did not keep accurate time records, and Defendant submitted another affidavit of Cernava that purports to include the correct calculation of

---

that Defendant has not demonstrated that it utilized the proper twelve-month period in calculating Plaintiff's hours. (Pl.'s Opp. Br. 4-5.)  Plaintiff, however, relies on the wrong regulation.  Because an employee is entitled under the FMLA to twelve weeks of leave during any twelve-month period, the employer can choose a method for determining the twelve-month period in which the twelve weeks of leave occurs.  Such period may include, for example, a calendar year, a fiscal year, or a year starting on the employee's anniversary date.  29 C.F.R. § 825.200.  This regulation does not address the manner of calculating hours for purposes of employee eligibility under the FMLA.  To qualify as an "eligible employee" under the FMLA, an employee must work 1,250 hours during "the 12–month period immediately preceding the commencement of the leave."  29 C.F.R. § 825.110.

hours worked.  Cernava is not the custodian of the records attached to her affidavit, and she cannot state that such records account for every hour that Plaintiff worked.  For instance, while Plaintiff contends that managers had to sign off on an employee's hours when the time clock did not work, Cernava does not explain in her affidavit how these hours were entered into the payroll system.  There is no assurance that every hour that was recorded manually has been included in the records provided to the Court.

  The fact that Defendant, in connection with its own motion, has submitted inconsistent versions of the number of hours worked by Plaintiff demonstrates that Defendant maintains various versions of its payroll records.  It appears, therefore, that at this time there is a genuine issue of material fact as to the number of hours that Plaintiff worked in the twelve months immediately preceding her leave.  Plaintiff should be entitled to discovery to determine whether the payroll records submitted with Cernava's second affidavit include all of the hours that Plaintiff worked.  Given this need for additional discovery, the Court at this time declines Defendant's request to convert the motion to dismiss to one for summary judgment with respect to Count One.

  In so finding, the Court notes that Plaintiff raised an equitable estoppel argument in her opposition papers.  The Court

13

recognizes that the United States Court of Appeals for the Third Circuit has upheld in the application of equitable estoppel to an FMLA claim, albeit in a non-precedential opinion. Leese v. Adelphoi Village, Inc., 516 F. App'x 192, 193 (3d Cir. 2013) (holding that district court "correctly concluded that equitable estoppel is available in the FMLA context[.]"). In order to prevail on an equitable estoppel theory, a party must show "(1) a misrepresentation by another party; (2) which [she] reasonably relied upon; (3) to [her] detriment." United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987); see also Leese, 516 F. App'x at 193 (citing Asmar, 827 F.2d at 912).

In the case cited by Plaintiff in support of her estoppel theory, the plaintiff filed an action claiming, inter alia, retaliation and interference under the FMLA when she was terminated after taking FMLA-protected leave. Leese v. Adelphoi Village, Inc., No. 1:10-CV-0813, 2012 WL 2049460, at *1 (M.D. Pa. June 6, 2012), aff'd, 516 F. App'x 192 (3d Cir. 2013). The defendants moved for summary judgment on the ground that the plaintiff was not an "eligible employee" under the FMLA because the employer did not employ the requisite minimum number of employees,[4] but the plaintiff argued that the defendants were

---

[4] Under the FMLA, an "eligible employee" does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number

14

equitably estopped from raising FMLA eligibility as a defense because they had represented to the plaintiff that she was an FMLA eligible employee. Id. at *4. The district court concluded that the defendants were not equitably estopped from raising ineligibility as a defense because the plaintiff was not terminated as a result of her decision to take FMLA leave but, rather, for her poor job performance. Id. at *5.

Here, Plaintiff alleges in the complaint that she was told she was entitled to FMLA leave and that she took leave based on that representation. (Compl. ¶¶ 18, 41.) Plaintiff then alleges that her position was given away because she exceeded the twelve weeks of leave allowed under the FMLA. (Id. ¶ 18.)[5] Plaintiff avers, however, that she was "under the impression" that her FMLA coverage did not begin until her child was born, that Defendant failed to advise Plaintiff of the date by which she had to return to work, and that Defendant failed to give Plaintiff accurate information designating leave as FMLA leave. (Id. ¶¶ 21, 45, 46.) This case is therefore unlike Leese, because here Plaintiff's job was not given to another person for a reason unrelated to taking FMLA leave, such as poor job

---

of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B).

[5] Specifically, Plaintiff took leave beginning on June 5, 2013 and did not seek to return to work until December 17, 2013, more than twenty-seven weeks later. (Compl. ¶¶ 5-7.)

performance.  The applicability of the equitable estoppel doctrine under the circumstances presented here appears to be intertwined with the merits of Plaintiff's FMLA interference claim.  See, e.g., Sinacole v. iGate Capital, 287 F. App'x 993, at 995-96 (3d Cir. 2008) (where plaintiff did not work 1,250 hours before taking leave but employer failed to notify her of same, plaintiff argued that employer interfered with FMLA rights because she could have delayed leave under FMLA until she worked enough hours to become eligible); Santosuosso v. NovaCare Rehabilitation, 462 F. Supp. 2d 590, 598 (D.N.J. 2006)("Plaintiff should not lose her FMLA protection for taking a leave longer than 12 weeks when her employer gave her the permission to do so.").  Because the parties have not adequately briefed the applicability of the equitable estoppel doctrine under the facts of this case, the Court will not address it at this time.

Finally, Defendant has also moved to dismiss Count Two of the complaint.  Plaintiff states in her opposition brief that she does not contest dismissal of this count.  Accordingly, Defendant's motion to dismiss will be granted in part.

## V.   CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss will be granted in part and denied in part.  The motion

to dismiss will be denied insofar as Defendant seeks dismissal of Count One, and the Court will not convert the motion to one for summary judgment.[6]  The motion to dismiss with respect to Count Two of the complaint will be granted as unopposed.

An Order consistent with this Opinion will be entered.


Date: May 26, 2015                     s/ Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[6] This decision is without prejudice to either party moving, in a manner consistent with Fed. R. Civ. P. 56 and L. Civ. R. 56.1, for full or partial judgment on any issue, including the ones addressed in this Opinion.